**Felipe Chavero GARCIA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–71053.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Michael S. Cabrera, Esq., Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, David V. Bernal, Anthony P. Nicastro, Esq., Julian S. Greenspun, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Felipe Chavero Garcia, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("BIA") adopting and affirming the decision of an immigration judge ("IJ") finding him ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo both legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002), and constitutional claims, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

Because Garcia conceded that he had no qualifying relative, the BIA correctly concluded that he was not eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D) (cancellation applicant must establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence").

To the extent Garcia sought administrative closure of his case on the basis of ineffective assistance of counsel, the BIA correctly rejected his request because he offers no evidence that the actions of his notary and his counsel prejudiced him in seeking relief to which he was entitled. *See Iturribarria v. INS,* 321 F.3d 889, 901–02 (9th Cir.2003).

Garcia's Equal Protection claim is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) and *Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 749–50 (9th Cir.2004).

PETITION FOR REVIEW DENIED.